IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02086-BNB

JOSE RODRIGUEZ-CRESPO,

    Applicant,

v.

C. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Jose Rodriguez-Crespo, is a prisoner in the custody of the United States Bureau of Prisons (BOP) incarcerated at the Florence Correctional Complex in Florence, Colorado, at the time he initiated this action. Mr. Rodriguez-Crespo has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1]. He has paid the $5.00 filing fee.

    On August 14, 2013, Magistrate Judge Boyd N. Boland entered an order [Doc. # 6] directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On September 3, 2013, Respondent filed a preliminary response [Doc. # 15] arguing that this action should be dismissed for failure to exhaust administrative remedies. Mr. Rodriguez-Crespo was given an opportunity to file a reply, but did not do so.

    The Court must construe liberally Mr. Rodriguez-Crespo's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the application and dismiss the action.

On February 1, 2007, Mr. Rodriguez-Crespo was sentenced in the United States District Court for the District of Puerto Rico to a 96-month term of imprisonment, to be followed by a three-year term of supervised release. [Doc. # 15-1, at 10].  In the § 2241 Application, Mr. Rodriguez-Crespo challenges a prison disciplinary conviction that resulted in his forfeiture of 41 days of good time conduct credits and extended his scheduled release date, via good conduct time, from August 16, 2013, to September 7, 2013.  Applicant acknowledges that he did not exhaust administrative remedies for his claims because "there is no time to do so," [Doc. # 3, at 11], and, therefore argues that exhaustion would be futile.   Mr. Rodriguez-Crespo seeks expungement of the disciplinary conviction, restoration of lost good time credits, and immediate release from custody.  [*Id.* at 8].

Respondent contends that Mr. Rodriguez-Crespo has failed to exhaust administrative remedies, requiring dismissal of the Application.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  See *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is

futile." *Garza*, 596 F.3d at 1203.

The Court does not reach the issue of exhaustion, however, because a question arises concerning the Court's subject matter jurisdiction. The Federal Bureau of Prisons inmate locator website, http://www.bop.gov/iloc2/LocateInmate.jsp, indicates that Mr. Rodriguez-Crespo was released from prison on September 6, 2013. The Court therefore must determine whether Applicant's claims are moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks and citations omitted); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."). A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation marks and citation omitted). *See also Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.") (internal quotation marks and citation omitted).

Once Mr. Rodriguez-Crespo was released from prison, he no longer had a redressable injury arising from his prison disciplinary conviction and the forfeiture of good time credits. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). As recognized by the Tenth Circuit in *Rhodes v. Judiscak*, 676 F.3d 931 (10th Cir. 2012):

> This court can no longer issue a judgment that has a more-than-speculative chance of affecting [petitioner's] rights. We cannot modify his sentence now that it has been completed. And we are not allowed to give him a judicial make-up call by shortening his supervised release term. *See* [*United States v.*] *Johnson,* 529 U.S. [53,] 59 [(2000)]. . . . [T]he best this court could do for him would be to declare that he spent longer in prison than he should have. It is merely speculative, however, that such a declaration could redress [petitioner's] injury.

676 F.3d at 925.

Applicant must now establish the existence of continuing "collateral consequences" as a result of the prison disciplinary decision to demonstrate a live case or controversy. *Spencer*, 523 U.S. at 7-8. However, the parties have not identified an ongoing injury relating to Applicant's claim, and the Court is not aware of any. As such, Applicant fails to present a case or controversy for purposes of Article III and the § 2241 Application must be dismissed for lack of subject matter jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Rodriguez-Crespa files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1], filed by Jose Rodriguez-Crespo, is denied, and the action is dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Applicant may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  3rd  day of    October       , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court